RECEIVED
MAR 0 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL GLENN | CIVIL ACTION NO. 06-20-P |
| VERSUS | JUDGE HICKS |
| WARDEN TIM WILKINSON | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Michael Glenn ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on January 3, 2006. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court habitual offender adjudication and sentence. Petitioner names Warden Tim Wilkinson as respondent.

On October 18, 1991, Petitioner was convicted of one count of armed robbery in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a second felony offender and sentenced to 15 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

In support of this petition, Petitioner alleges (1) his sentence is excessive, (2) the trial court failed to comply with La. R.S. 15:529.1(D), and (3) the evidence was insufficient to

H:\PRO SE\2254\RX\Glenn.06-20.pre.3-06.wpd

support his habitual offender adjudication.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). However, where a state prisoner's federal habeas petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

In this case, it appears Petitioner's conviction and sentence became final in 1991, prior to the enactment of the AEDPA. Petitioner was convicted on October 18, 1991 and was subsequently adjudicated a second felony offender and sentenced to 15 years imprisonment without the benefit of parole, probation or suspension of sentence. Petitioner claims he did

not file a direct appeal from his judgment of conviction or sentence. Therefore, Petitioner's conviction and sentence became final in 1991 when the time limitation for seeking a direct appeal expired.

It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997. Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997. The federal petition currently before the Court was received and filed in this Court on January 3, 2006, more than eight years too late.

In addition, the post-conviction proceedings initiated by Petitioner in 2005 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. It appears Petitioner filed a motion to correct illegal sentence in the First Judicial District Court on June 2, 2005. Petitioner claims this motion is pending before the Supreme Court of Louisiana. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file this motion to correct illegal sentence until June 2005, more than eight years after the limitation period had already expired in April 1997.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be

**DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 3rd day of March 2006.

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**